CABALLERO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 24.—Decided April 1, 1907.

MORTGAGES—COMMUNITY PROPERTY—CONSENT OF WIFE—INCURABLE DEFECT.— Mortgage credits being considered real property, in order to consummate the conveyance thereof, the express consent of the wife is necessary where they have been executed in favor of either of the spouses as community property; without this requisite the deed of conveyance will be deemed to be incurably defective and cannot be recorded in the registry of property.

The facts are stated in the opinion.

The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Ramón Caballero Delgádo from a decision of the Registrar of Property of Caguas, refusing

to admit to record a deed to a rural estate given in payment of a debt.

By public deed executed in Caguas on July 28 of last year before Rafael Arce Rollet, an attorney and notary thereof, Manuel Teruel García and his wife, Nicolasa Otero, as the coowners of a rural estate of 20 *cuerdas* of land which they held in the *barrio* of Sumidero, in the municipal district of Aguas Buenas, was subject to a mortgage of 1,552.63 *pesos,* former provincial money, in favor of Ramón Cabellero y Delgádo, husband of Isabel Santiago, which sum they were unable to pay Cabellero, and they agreed to sell him the mortgaged estate as payment in full of his mortgage, and they did so by the said deed. Upon presentation of this deed in the Registry of Property of Caguas for record, the record thereof was refused on the grounds stated in the decision placed at the end of the same, which decision reads as follows:

"The record of this document is refused on account of the incurable defect that Isabel Santiago, the wife of Ramón Caballero, has not given her consent to the acceptance of the assignment of the estate to which said document refers, in payment of the mortgage credit canceled; and in lieu of such record, a cautionary notice, effective for a period of one hundred and twenty days, has been entered at folio 103, reverse side, of volume 13 of Aguas Buenas, estate 147, duplicate, record letter B.—Caguas, August 22, 1906."

Ramón Caballero Delgádo took this appeal from said decision, seeking its reversal and the issuance of an order to the registrar to record the deed.

According to the provisions of sections 335 and 336 of the Revised Civil Code, mortgage credits are considered real property; and as the contract embodied in the deed of June 28, 1906, constituting as it does a contract of purchase and sale involving a tract of land, for which the purchaser gave in payment the mortgage credit which he had thereon, there is realized by the purchaser, Cabellero, a real act of alienation of the mortgage credit in question, inasmuch as he relinquishes it in order to give it in payment of the land, in which

act his wife, Isabel Santiago, did not take part, and consequently the case comes within the provisions of section 1328 of the said Civil Code, which requires under the penalty of nullity the express consent of the wife in alienation made by the husband of the real property of the conjugal partnership to which the mortgage credit in reference belongs.

Therefore, the deed in question contains an incurable defect which prevents its record in the registry of property.

In view of the provisions of the sections cited of the Revised Civil Code, and articles 65 of the Mortgage Law and 110 of the Regulations, the decision of the Registrar of Property of Caguas, refusing the record of the deed the subject of this appeal, is affirmed, and it is ordered that said deed be returned to him with a certified copy of this decision for his information and other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.